**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jazi Kat 4659 Rockridge LLC, et al., | No. CV-23-00716-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Travelers Casualty Insurance Company of America, et al., | |
| Defendants. | |

Plaintiffs suffered damage to two commercial buildings they own. Those buildings were covered by an insurance policy issued by Defendants. Pursuant to the insurance policy, if Plaintiffs and Defendants were unable to agree on "the amount of loss," either side could invoke a formal appraisal process. That process requires each side appoint "a competent and impartial appraiser" and those two appraisers must select "an umpire." The two appraisers then determine the amount of loss but, "[i]f they fail to agree" on the amount of loss, they must "submit their differences to the umpire." (Doc. 25 at 135). The Court previously determined this process is a form of arbitration such that the Federal Arbitration Act applies. (Doc. 16 at 3).

The parties selected their appraisers, an umpire was selected, and the parties are now awaiting the umpire's decision. Believing the umpire is taking too long to issue his decision, Plaintiffs seek an "order directing the umpire to render a decision no later than August 18, 2023." (Doc. 25 at 6). Plaintiffs explain they are at risk of losing the underlying buildings to foreclosure if no decision is issued by that date because the award will be

crucial in obtaining refinancing. (Doc. 25 at 5). Defendants respond that they agree the umpire should issue a decision as soon as possible. However, Defendants argue there is no basis for an Order mandating immediate action by the umpire.

Plaintiffs argue the Court should look to Arizona's arbitration laws but the Federal Arbitration Act ("FAA") applies to the parties' agreement. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002) (holding FAA will apply unless parties "clearly evidence their intent to be bound by" state arbitration rules). There is no provision in the FAA allowing for the type of mid-arbitration action Plaintiffs seek. In fact, the Ninth Circuit has noted "a district court's authority is generally limited to decisions that bookend the arbitration itself." *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015). A district court may take action before arbitration begins, such as by ordering the dispute proceed in arbitration instead of litigation. A district court can also take action after arbitrations ends, by determining if the arbitration award should be affirmed, vacated, or modified. But the FAA contemplates very little mid-arbitration involvement by a court. *Id.* Plaintiffs have not cited any provision of the FAA or current caselaw allowing a court to direct an arbitrator to issue a decision.

The Ninth Circuit has noted district courts might be able to intervene mid-arbitration in "extreme cases." *Id.* at 1072. But the Ninth Circuit has cast doubt on whether such an extreme case would ever exist because the Ninth Circuit has never found mid-arbitration intervention to be appropriate. "[C]ost and delay alone do not constitute the sort of severe irreparable injury or manifest injustice that could justify" mid-arbitration intervention. *In re Sussex*, 781 F.3d 1065, 1075 (9th Cir. 2015).

Here, Plaintiffs claim they are being financially harmed by the umpire's delay. That type of harm is not sufficient. Admittedly, Plaintiffs also claim there is a danger their real property will be lost if the umpire does not make an award. "It is well-established that the loss of an interest in real property constitutes an irreparable injury." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011). However, Plaintiffs have not provided facts that such loss is certain to occur, nor have they provided

authority that the loss of real property in this case would support mid-arbitration intervention which is only granted in "extreme cases." *In re Sussex*, 781 F.3d at 1075. Mid-arbitration intervention will almost never be merited, and Plaintiffs have not carried their burden here. The Court will not order the umpire to make a final decision.

Accordingly,

**IT IS ORDERED** the Application (Doc. 25) is **DENIED WITHOUT PREJUDICE**.

Dated this 14th day of August, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge