**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jazi Kat 4659 Rockridge LLC, et al., | No. CV-23-00716-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Travelers Casualty Insurance Company of America, et al., | |
| Defendants. | |

Pending before the Court is Defendant Travelers Casualty Insurance Company of America's motion for sanctions pursuant to Fed. R. Civ. P. 37(b), which is fully briefed. (Docs. 66, 70, 71.) For the following reasons, the motion is granted.

**I.  Background**

This case arises out of a commercial property insurance dispute. Plaintiffs are two limited liability companies owned by nonparty Bridget O'Brien. Those two companies owned commercial buildings that leased space to nonparty Head to Toe Therapy, Inc. ("HTT"), which Ms. O'Brien also owns.

Plaintiffs allege Defendant breached its contract with Plaintiffs and committed bad faith following a fire loss at the insured premises on February 25, 2021, by failing to pay all amounts owed under the policies, delaying the appraisal proceeding, and delaying payment of the claim. (Doc. 1-3 at 4.) The damages Plaintiffs seek include, in part, lost income in the form of rent that HTT did not pay because of the fire. (Doc. 45.)

On August 22, 2023, Defendant propounded interrogatories and requests for production regarding HTT's economic viability both before and after the fire. Defendant believed that evidence showing HTT's inability to make rent payments would reduce the amount of damages Plaintiffs are entitled to seek. Plaintiffs objected to Defendant's discovery request on the basis that HTT's operations are irrelevant to the case and that Defendant's discovery requests only seek to embarrass Ms. O'Brien. The parties met and conferred telephonically in December 2023 but were unable to resolve the dispute. On January 19, 2024, the parties filed a Joint Statement of Discovery Dispute with the Court. (Doc. 44.)

On January 23, 2024, the Court ruled on the discovery dispute and found that information regarding HTT's ability to pay rent is relevant to the damages Plaintiffs seek. The Court reasoned that "[i]f evidence were to establish that [HTT] was unable to pay its rent before the fire, the damage to the buildings would not be responsible for all of Plaintiffs' lost rent." (Doc. 45 at 2.) Accordingly, the Court overruled Plaintiffs' objections and ordered Plaintiffs to respond to Defendant's pending discovery requests.

On February 6, 2024, instead of responding to the outstanding discovery requests, Plaintiffs filed a motion for reconsideration. (Doc. 48.) On February 23, 2024, the Court denied Plaintiffs' motion and again ordered Plaintiffs to respond to Defendant's discovery requests. (Doc. 55.)

On March 5, 2024, Plaintiffs filed for bankruptcy, and filed notice thereof in this Court on March 15, 2023. (Doc. 59.) In Plaintiffs' notice, Plaintiffs informed the Court that they were awaiting the Bankruptcy Court's approval of retention of counsel. (Doc. 59.) The Bankruptcy Court approved Plaintiffs' retention of counsel on March 19, 2024 (Doc. 62-1), and Plaintiffs filed notice thereof in this Court on April 4, 2024 (Doc. 62).[1]

---

[1] Notably, despite the Bankruptcy Court having already approved Plaintiffs' retention of counsel, the parties filed a stipulation to extend deadlines on April 1, 2024, explaining to the Court that Plaintiffs and their counsel would not be able to proceed with discovery in this case until the Bankruptcy Court approved Plaintiffs' counsel retention. (Doc. 60.) Based on that stipulation, the Court stayed the case management deadlines and ordered the parties to file new proposed case management deadlines. (Doc. 61.) The Court does not reach the issue, but Defendant notes in its reply brief that "the parties stipulated to an extension of deadlines on April 1, 2024" based on Plaintiffs' "inaccurate"

On April 17, 2024, Defendant filed the instant motion for sanctions, arguing that Plaintiffs have failed to comply with the Court's two prior orders directing Plaintiffs to respond to Defendants' outstanding interrogatories and requests for production. As such, Defendant asserts that sanctions are warranted under Federal Rule of Civil Procedure 37(b). (Doc. 66.)

On May 1, 2024, after Defendant moved for sanctions, Plaintiffs submitted "Amended Responses" to the subject discovery. (Doc. 71-1.) No documents were produced. Nor did Plaintiffs identify what documents were being withheld. Instead, Plaintiffs' "Amended Responses" restated Plaintiffs' prior objections to Defendant's requests for production and added the following objection to all eleven document requests:

> The requested discovery is improper for the reasons set forth above. Furthermore, Ms. O'Brien is invoking her privilege against self-incrimination pursuant to the Fifth Amendment of the United States Constitution. *State v. Ott*, 167 Ariz. 420 (Ariz. Ct. App. 1991).

(Doc. 71-1.)

**II.     Discussion**

Federal Rule of Civil Procedure 37(b) provides various sanctions for a party's failure to obey a court's discovery order, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceedings in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as a contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

"Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court." *Liew v. Breen*, 640 F.2d 1046,

---

representations that they were still awaiting approval of counsel's retention. (Doc. 71 at 6.)

1050 (9th Cir. 1981). However, "Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

It is clear here that Plaintiffs have failed to obey the Court's repeated order to respond to Defendant's interrogatories and requests for production. Indeed, Plaintiffs do not dispute that they have yet to produce the requested information and documents. Plaintiffs instead raise several frivolous arguments attempting to justify their non-compliance with the discovery order. First, Plaintiffs contend that they could not do anything between March 5 and April 1, 2024 because of the pending bankruptcy proceedings. This is neither persuasive nor accurate. Plaintiffs only waited 14 days for the Bankruptcy Court's approval of their counsel retention: from March 5, 2024 (when Plaintiffs first filed for bankruptcy) to March 19, 20234 (when the Bankruptcy Court approved Plaintiffs' counsel retention). As Defendant correctly notes, this leaves 39 days between the Court's second order compelling Plaintiffs' responses to the outstanding discovery (Doc. 55) and Defendant's filing of the instant sanctions motion (Doc. 66) in which Plaintiffs had counsel and could have complied with the discovery order. Yet they did not do so.

Instead, on May 2, 2024—*after* Defendant filed for sanctions—Plaintiffs filed their "Amended Responses" to Defendant's request for production. (Doc. 71-1.) Despite twice now having objected to and argued Defendant's discovery request and despite being overruled both times, Plaintiffs again object to the discovery request—this time adding a new frivolous argument to the mix.[2] Specifically, Plaintiffs object to Defendant's requests

---

[2] In Plaintiffs' response to the instant motion, Plaintiffs also reiterate an objection, which they've made to the Court twice now, that the requested documents are not in their possession or control and that Defendants must instead subpoena the records from non-party HTT. (*See* Doc. 70 at 7.) By ordering Plaintiffs to respond to the pending discovery requests, the Court has implicitly rejected this argument. And the reason is clear: Plaintiffs and HTT are all owned by the same individual, Ms. O'Brien. Corporate entities, like Plaintiffs and HTT, are not real persons; instead, they can only act through their agents, such as Ms. O'Brien. *See e.g.*, *BMW of N. Am., LLC v. Mini Works, LLC*, 166 F. Supp. 3d

for production by invoking Ms. O'Brien's Fifth Amendment privilege against self-incrimination. This objection is baseless for several reasons.

First, the objection is untimely and therefore has been waived. *Ramirez v. County. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("If a party fails to file *timely* objections to [discovery] requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). Second, the objection lacks any basis in law. The discovery requests are directed at Plaintiffs, which are both limited liability companies and therefore have no Fifth Amendment privilege. *In re Twelve Grand Jury Subpoenas*, 908 F.3d 525, 528 (9th Cir. 2018) ("The [Fifth Amendment] privilege applies to individuals and to sole proprietorships, which do not, as a legal matter, exist separately from the individuals who comprise then, but corporations and other collective entities do not enjoy the privilege."). Even if the requests were directed at Ms. O'Brien, "[a] custodian may not resist a subpoena for corporate records on Fifth Amendment grounds." *Braswell v. United States*, 487 U.S. 99, 112 (1988).

What's more, "[t]he privilege against self-incrimination does not protect one from producing documents, unless the act of production itself could operate to incriminate the producer." *Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JWH, 2022 WL 17081192, at *3 (C.D. Cal. Sept. 21, 2022). Plaintiffs provide no information suggesting that this could be the case here. Indeed, Plaintiffs blanketly invoke Ms. O'Brien's Fifth Amendment rights, failing to identify with specificity what information implicates this right or why such privilege is properly asserted. *See Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981) ("[T]he privilege normally is not asserted properly by merely declaring that an answer will incriminate."); *see also Goldwater*, 2022 WL 17081192, at *3 ("[A]s the party resisting discovery, it is incumbent upon defendant to establish that his assertions of Fifth Amendment were proper."). In short, the Plaintiffs' objection is meritless, improperly attempts to litigate a discovery dispute for a third time, and further demonstrates Plaintiffs'

---

976, 986 (D. Ariz. 2010). The Court is not persuaded that Defendant's requests for production seeks documents outside of Plaintiffs' custody and control. Accordingly, the Court, for the third time, rejects this objection.

continued refusal to comply with the Court's discovery orders.

Plaintiffs also attempt to justify their non-compliance by pointing to the stipulated extension of case management deadlines. Again, Plaintiff's argument is frivolous. The Court extended the deadline by which all fact discovery must be completed. The Court did not, however, extend the deadline for Plaintiffs to respond to Defendant's timely propounded interrogatories and requests for production. *See* Fed. R. Civ. P. 34(b)(2) (providing that parties must respond to requests for production within 30 days); *see also Rubi v. Summers*, CV 19-10885-ODW, 2023 WL 3168605, at *3 (C.D. Cal. Mar. 2, 2023) ("The Court's extension of the discovery deadline did not change the deadline for Plaintiff to respond to Defendant's timely served RFPs."). Indeed, Plaintiffs never requested such an extension. Nor do they now argue good cause for their delay. [3]

Given Plaintiffs' repeated and willful evasion of discovery, a sanction pursuant to Fed. R. Civ. P. 37(b) is just. As to the specific sanction, Defendant requests that Plaintiffs be precluded from offering evidence or argument that Defendant's alleged delay in issuing payment caused Plaintiffs to lose rental income, which, in turn, caused Plaintiffs to default on a loan. The Court finds such a sanction is warranted and specifically related to the "claim" at issue in the Court's prior two orders compelling discovery—that is, Plaintiffs claim that Defendant's bad faith deprived them of HTT's rental income; Defendant sought discovery on this issue; and Plaintiffs withheld such discovery. Accordingly, it is only fair to preclude Plaintiffs from offering evidence of or argument on an issue that they denied Defendant the ability to reasonably inquire into.

In finding this to be the most appropriate sanction, the Court has considered alternatives and determined that they are not reasonably suited to the procedural posture of the case. For instance, the Court considered giving Plaintiffs one more opportunity to comply with the discovery orders. However, Defendant has already deposed Plaintiffs. (*See* Doc. 72.) As such, even if Plaintiffs were to turn over the requested documents within a

---

[3] It is farcical for Plaintiffs, both represented by counsel, to imply that the discovery deadline represents the last permissible day in which Plaintiffs could respond to discovery requests that were originally propounded more than one year ago.

reasonable time, Defendant would need to re-depose Plaintiffs. And the Court could not reasonably shift such a cost given Plaintiffs' pending bankruptcy.

In a similar vein, an order directing Plaintiffs to pay Defendant's attorneys' fees, as authorized under Rule 37(b)(2), would be unavailing. Rule 37(b)(2) provides that "the [C]ourt must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, included attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). An award of attorneys' fees to Defendant would be appropriate in light of Plaintiffs' repeated improper attempts to dodge discovery. Again, however, given Plaintiffs' bankruptcy, Defendant is not likely to collect on such an award. Indeed, Defendant acknowledges as much and, accordingly, has not requested such an award. (Doc. 66 at 9.) And even if Defendant could collect, this would not undo the prejudice caused to Defendant in being denied the opportunity to inquire into such matters earlier on in the discovery process.

In short, given the late stage of discovery, Plaintiffs' bankruptcy, and the prejudice caused to Defendant, it is only fair that Plaintiffs be denied the opportunity to profit from their non-compliance with the Court's discovery orders. Defendant's motion for sanctions (Doc. 66) is granted: Plaintiffs are precluded from offering evidence or argument that Defendant's alleged delay in issuing payment caused Plaintiffs to lose rental income, which, in turn, caused Plaintiffs to breach a loan agreement.

**IT IS ORDERED** that Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b) (Doc. 66) is **GRANTED**. Plaintiffs are precluded from offering evidence or argument that Defendant's alleged delay in issuing payment caused Plaintiffs to lose rental income, which, in turn, caused Plaintiffs to breach a loan agreement.

Dated this 9th day of August, 2024.

Douglas L. Rayes
Senior United States District Judge