1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Jazi Kat 4659 Rockridge LLC, et al.,          No. CV-23-00716-PHX-DLR

10              Plaintiffs,                         **ORDER**

11   v.

12   Travelers Casualty Insurance Company of
     America, et al.,
13
                 Defendants.
14

15

16          Before the Court are two motions: Defendant Travelers Casualty Insurance

17   Company of America's ("Travelers") motion to extend the deadline to file amended

18   pleadings and for leave to file an amended answer ("Motion to Amend") (Doc. 92) and

19   Plaintiffs', Jazi Kat 4659 Rockridge, LLC and Jazi Kat, LLC (collectively, "Plaintiffs"),

20   motion to strike Travelers's reply to its Motion to Amend ("Motion to Strike") (Doc. 104).

21   Both are fully briefed. (Doc. 98, 102, 107.) For the following reasons, the Court denies

22   both motions.

23       **I.      Background**

24          Plaintiffs brought this insurance breach of contract and bad faith action, alleging

25   that Travelers failed to pay money Plaintiffs were owed under their insurance policy

26   ("Policy"). (Doc. 1-3 at 2–3.) In February 2020, Travelers issued the Policy to Plaintiffs to

27   insure two commercial properties located at 5314 and 5306 N. 7th Street respectively.

28   (Doc. 92-2 at 2–3.) The motions before the Court only concern an issue with ownership of

1   the property at 5306 N. 7th Street ("Property").

2        Plaintiffs are fully owned by Bridget O'Brien. (Doc. 92-3 at 5.) In May 2020,

3   O'Brien, on behalf of Jazi Kat, LLC, executed a special warranty deed, conveying the

4   Property to Vickie L. Simpson, as Trustee of the Vickie L. Simpson Living Trust ("Trust").

5   (Doc. 92-4 at 2–7.) The deed was recorded by the Maricopa County Recorder's Office. (*Id.*

6   at 7.)

7        In February 2021, a fire occurred that destroyed the Property. (Doc. 1-3 ¶ 13.) The

8   following day, O'Brien submitted a claim ("Claim") to Travelers for the loss caused by the

9   fire. (Doc. 92-3 at 3.) In May 2021, while Travelers was adjusting the claim, the Trust

10  conveyed the Property back to Jazi Kat, LLC by special warranty deed. (Doc. 92-5 at 2–

11  6.) This deed was also recorded by the Maricopa County Recorder's Office. (*Id.* at 6.)

12  Travelers, apparently unaware of these conveyances, adjusted the claim and issued

13  payment. (Doc. 92-6 at 2.) Plaintiffs, unsatisfied with the payments, demanded appraisal

14  in accordance with the terms of the Policy. (Doc. 1-3 ¶ 15.) As a result, Travelers issued

15  additional payment. (Doc. 92-7 at 2–4.)

16       Believing that Travelers still had not issued sufficient payment or complied with the

17  terms of the Policy, Plaintiffs filed the present suit. (*See* Doc. 1-3.) The Court later entered

18  a scheduling order setting the deadline for motions to amend the pleadings for November

19  1, 2023. (Doc. 17 at 1.) In June 2024, Travelers took a 30(b)(6) deposition of Plaintiffs

20  through O'Brien. She testified that Simpson was a lessee of the Property and that she wasn't

21  aware of any other "relationship" between Simpson and Plaintiffs. (Doc. 92-3 at 6.) On

22  September 26, 2024, Travelers deposed O'Brien in her individual capacity. (*See* Doc.

23  92-8.) In that deposition, O'Brien testified that the deed transferring the Property to the

24  Trust was recorded inadvertently. (*Id.* at 3.)

25       Six weeks after that deposition and over a year past the scheduling order deadline,

26  Travelers filed its Motion to Amend. Travelers argues that it was unable to discover the

27  Property conveyance with reasonable diligence because Plaintiffs concealed it. (Doc. 92 at

28  5.) Travelers requests the Court extend the deadline to file amended pleadings to the date

1   it filed the motion and grant it leave to amend its answer to assert two new affirmative

2   defenses. (*Id.* at 4.) Plaintiffs argue that Travelers should not be permitted to amend its

3   answer because it failed to act diligently. (Doc. 98 at 5.) Plaintiffs also filed a Motion to

4   Strike, arguing that the Court should not consider evidence Travelers submitted in its reply

5   to the Motion to Amend. (*See* Doc. 104.)

6   **II.    Legal Standard**

7   Before the Court issues a scheduling order, leave to amend is governed by Federal

8   Rule of Civil Procedure 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607

9   (9th Cir. 1992). After a scheduling order is entered, Rule 16 controls. *Id.* at 607–08. Under

10  Rule 16, the scheduling order "shall not be modified except by leave of . . . [the district

11  court] upon a showing of good cause." *Id.* at 608 (quoting Fed. R. Civ. P. 16(b)) (alterations

12  in original). When a party seeks to extend the deadline for amended pleadings after a

13  scheduling order is in place, the court does not consider "the bad faith of the party seeking

14  to interpose the amendment and the prejudice to the opposing party," as it would in a Rule

15  15(a) inquiry; rather, it "considers the diligence of the party seeking the amendment." *Id.*

16  at 609. "If th[e moving] party was not diligent, the inquiry should end." *Id.*

17  **III.    Analysis**

18  Travelers argues that it was diligent in seeking to amend its answer. It claims it first

19  learned of the conveyance on September 26, 2024, the day that O'Brien admitted to

20  executing the deeds in her deposition and filed the Motion to Amend as soon as it could.

21  (Doc. 92 at 5.) Plaintiffs respond that Travelers had prior actual notice in March 2021

22  because O'Brien told the Claim adjuster, Kaycee Bell, that the property was "in a trust."

23  (Doc. 98-1 at 3.)

24  Travelers has not demonstrated good cause for amendment because it was not

25  diligent in seeking to amend the complaint. "Rule 16(b) clearly contemplates that changes

26  in law or newly discovered evidence may justify later amendments to a complaint. That

27  justification erodes, however, when a [defendant] delays amending [its answer] beyond the

28  time he *could have discovered the grounds for amendment* through the exercise of

1    reasonable diligence." *Del Rio v. Virgin Am., Inc.*, CV 18-1063-GW(SKx), 2019 WL

2    210957, at \*3 (C.D. Cal. Jan. 3, 2019). Whether Travelers should have discovered the deeds

3    or reasonably could not discover the conveyances until O'Brien's second deposition, it did

4    not act diligently.

5          Plaintiffs assert that the Claim notes demonstrate that Travelers knew of a potential

6    coverage issue the day Bell completed the inspection and spoke with O'Brien: March 11,

7    2021. (*See* Doc. 98-1 at 2–3.) The Claim notes indicate that the building is "in a trust

8    for . . . Vickie" and that "Vickie is the trustee for [O'Brien's] kids and property as a result

9    of [O'Brien's] health issues." (*Id.* at 3.) Because the deeds were public record at the time,

10   Travelers could have searched for them following Bell's inspection and conversation with

11   O'Brien.[1]

12         In response, Travelers proffers Bell's affidavit[2] to show that Bell misunderstood

13   O'Brien. (Doc. 102 at 3.) Bell states that "O'Brien's representations" led her to believe that

14   Jazi Kat, LLC was the sole owner of the Property at the time of the fire and that "the trust

15   O'Brien had described on the date of the inspection was either a trust that would not

16   become active until after O'Brien's death or was a trust that was not in place at the time of

17

18         [1] Plaintiffs also claim that, with or without the Claim notes, Travelers had
     constructive notice of the deeds as soon as they were recorded. (Doc. 98 at 6.) The Court
19   disagrees. A recorded deed is only constructive notice to those under a duty to search for
     it. A.R.S. § 33-416; *Mountain States Tel. & Tel. Co. v. Kelton*, 285 P.2d 168, 171 (Ariz.
20   1955) (holding that general rule that a recorded deed is constructive notice to "all the
     world" is too broad; instead, it is constructive notice to those "bound to search for it").
21   Plaintiffs have not cited, and the Court has not found, any cases holding that an insurer is
     under any such duty when adjusting a claim. While the Court rejects that Travelers had
22   constructive notice, it recognizes that, under the circumstances, it would have been diligent
     for Travelers to have performed the search at some point between March 11, 2021 and
23   September 26, 2024, when it took O'Brien's second deposition.
           [2] Bell's affidavit is the basis for Plaintiffs' Motion to Strike. Plaintiffs argue that the
24   affidavit is new evidence included in a reply and that Bell was not properly disclosed as a
     witness. (Doc. 104 at 1.) New evidence submitted in a reply brief may properly be stricken,
25   *MJD Enters., Inc. v. Cloyd*, No. CV-10-0086-PHX-MHM, 2010 WL 3842222, at \*6 n.1
     (D. Ariz. Sep. 27, 2010), but new evidence submitted in a reply is permissible where it is
26   offered to rebut arguments raised in opposition to a motion, *see EEOC v. Creative
     Networks, LLC*, No. CV-05-3032-PHX-SMM, 2008 WL 5225807, at \*2 (D. Ariz. Dec. 15,
27   2008). Bell's affidavit was submitted to rebut Plaintiffs' arguments that the Claim notes
     demonstrate Travelers had actual notice, and Bell was disclosed as a witness by both
28   parties. (*See* Docs. 107-1 at 4; 107-2 at 3.) Thus, the supplemental affidavit is permissible,
     and the Court will consider it. In any event, the affidavit does not change the outcome nor
     prejudice Plaintiffs: Travelers was not diligent and may not amend its answer.

the fire." (Doc. 102-1 at 3.) The Court need not assess whether Bell's misunderstanding was reasonable because there is an independent reason that Travelers was not diligent.

Travelers does not share with the Court precisely when it first learned of the deeds anywhere in its briefing, nor what led it to look for them in the first place. Because Traveler's motion is based on a claim of due diligence after the recent discovery of the deeds, the Court is puzzled why Travelers did not indicate whether it first learned of them at the September 26 deposition or by search of property records some time before. From the one-page excerpt of September 26 deposition that Travelers provided, it appears that Travelers already knew of the deeds when it deposed O'Brien for a second time. (*See* Doc. 92-8 at 3.) What's more, Travelers noted in its motion that it first scheduled O'Brien's second deposition for July 8, 2024 and continued to reschedule throughout July and August of that year. (Doc. 92 at 3.) Because it appears that Travelers knew of the deeds before it deposed O'Brien, it likely knew of the conveyances before the first scheduled deposition of July 8, 2024.

The burden is on Travelers to show that it was diligent. Its failure to inform the Court of why and when it discovered the deeds does not assist the Court in determining if it acted with diligence. Its best-case scenario is that it learned of the conveyance on September 26. Still, despite learning of the conveyances by September 26 *at the latest*, it did not file its motion until November 8, over a month later. This delay "does not indicate diligence." *MiCamp Sols. LLC v. Nat'l Processing LLC*, No. CV-19-05468-PHX-MTL, 2021 WL 289661, at *3 (D. Ariz. Jan. 28, 2021); *accord Schwerdt v. Int'l Fidelity Ins. Co.*, 28 Fed. App'x 715, 719 (9th Cir. 2002). Travelers has not met its burden of showing good cause to extend the deadline for amended pleadings, so the Court need not reach Plaintiffs' argument that Travelers' proposed amendments would violate the automatic stay in place because of Plaintiffs' Chapter 11 bankruptcy petitions. (Doc. 98 at 8–9; *see* Doc. 59.)

**IV.    Conclusion**

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Mammoth Recreations*, 975 F.2d at 610

1    (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

2    Travelers has not shown good cause to extend the deadline to amend its answer. Therefore,

3    **IT IS ORDERED** that Travelers's Motion to Amend (Doc. 92) is **DENIED**.

4    **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (Doc. 104) is

5    **DENIED**.

6    Dated this 31st day of July, 2025.

7

8

9

10

11    Douglas L. Rayes
      Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28