**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jazi Kat 4659 Rockridge LLC, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>Travelers Casualty Insurance Company of America, et al.,<br><br>            Defendants. | No. CV-23-00716-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Travelers Casualty Insurance Company of America's ("Travelers") motion for summary judgment against Plaintiffs Jazi Kat 4659 Rockridge, LLC and Jazi Kat, LLC (collectively, "Plaintiffs"). (Doc. 119). The motion is fully briefed.[1] (Docs. 126, 131.) For the following reasons, the Court grants the motion.

**I.      Background**

Plaintiffs brought this insurance breach of contract and bad faith action, alleging that Travelers failed to pay money Plaintiffs were owed under their insurance policy ("Policy"). (Doc. 1-3 at 2–3.) In February 2020, Travelers issued the Policy to Plaintiffs to insure two commercial properties located at 5314 and 5306 N. 7th Street respectively. (Doc. 119-2 at 3.) Plaintiffs are fully owned by non-party Bridget O'Brien. (Doc. 92-3 at 5.)

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

In February 2021, a fire occurred that destroyed the Property. (Doc. 1-3 ¶ 13.) The following day, O'Brien submitted a claim to Travelers for the loss caused by the fire. (Doc. 92-3 at 3.) Travelers adjusted the claim and issued payment on two dates in May 2021. (Doc. 92-6 at 2.) In April 2022, Plaintiffs, unsatisfied with the payments, demanded appraisal in accordance with the terms of the Policy. (Doc. 1-3 ¶ 15.) Travelers accepted the appraisal demand in June 2022. (*Id.* at ¶ 16.) Believing that Travelers still had not issued sufficient payment or complied with the terms of the Policy, Plaintiffs filed the present suit on February 24, 2023, while the appraisal process was ongoing. (*See* Doc. 1-3.) Travelers timely removed (Doc. 1). As a result of the appraisal process, Travelers issued additional payment. (Doc. 119-25 at 2–4.) Travelers now moves for summary judgment.

## II.    Summary Judgment

### A.    Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the non-moving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quotation omitted). The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" it must "come forward with specific facts showing that there is a genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d. 1099, 1103 (9th Cir. 2000).

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

### B.    Analysis

#### 1.    Breach of Contract

The elements of a breach-of-contract claim are: "(1) the existence of a contract; (2) breach; and (3) resulting damages." *First Am. Title Ins. Co. v. Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016). Travelers argues that its engagement in the appraisal process defeats any claim it committed a breach. (Doc. 119 at 8–10.) It further argues that if Plaintiffs can establish breach, they cannot establish damages because Travelers promptly paid the appraisal award. (*Id.* at 8–12.) Plaintiffs mainly respond that compliance with the appraisal process cannot defeat the bad faith claim (Doc. 126 at 5–6) but Travelers only puts forth this argument in relation to the breach of contract claim, not the bad faith claim. Additionally, Plaintiffs seem to respond that Travelers committed a breach because the payments following appraisal were more than Traveler's initial payments to Plaintiffs. (*Id.* at 6.)

According to the Policy, if Plaintiffs and Travelers disagree on the amount of a loss, either side "may make written demand for an appraisal of the loss." (Doc. 119-2 at 8.) That process requires each side "select a competent and impartial appraiser" and those "two appraisers will select an umpire." (*Id.*) The two appraisers make independent determinations of the amount of loss and, if they disagree, the two appraisers "submit their differences to the umpire." (*Id.*) The umpire then agrees with one of the appraisers and that decision is binding. (*Id.*) In April 2022, Plaintiffs demanded an appraisal. Travelers accepted the appraisal demand in June 2022. (Doc. 1-3 at 3). After the appraisal process, Travelers promptly issued additional payment. (Doc. 119-25 at 2–4.)

Travelers asserts that "[b]ecause Travelers complied with the express terms of the Policy by complying with the appraisal provision and thereafter promptly paying the award, it has not breached the insurance contract as a matter of law." (Doc. 119 at 8–9.) The Court agrees. The Court previously decided that: "The result of the appraisal process may defeat the breach of contract claim." (Doc. 16 at 3.) It has now done so. "Because Defendant already has satisfied this award, . . . the Court will dismiss Plaintiff's breach of contract claim alleging that Defendant has failed to pay Plaintiff for the covered loss[.]" *Jasem v. State Farm Fire & Cas. Co.*, No. CV-06-595-PHX-DGC, 2007 WL 1146433, at *4 (D. Ariz. Apr. 18, 2007). Travelers is entitled to summary judgment on Plaintiffs' breach of contract claim.

### 2.    Bad Faith

"An insurer commits the tort of bad faith by intentionally and without reasonable basis denying, failing to process, or failing to pay a claim." *Alvarez v. CSAA Gen. Ins. Co.*, No. CV-24-00617-PHX-SMB, 2025 WL 389140, at *7 (D. Ariz. Feb. 4, 2025) (citing *Noble v. National Am. Life Ins.*, 624 P.2d 866, 868 (Ariz. 1981)). Thus, in addressing a bad faith claim at summary judgment, the proper inquiry is whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of a plaintiff's claim, the insuring defendant (1) acted unreasonably (2) either knew of or acted with reckless disregard of the lack of reasonable basis for its actions, and

(3) caused the plaintiff damages. *Noble*, 624 P.2d at 868; *Merkens v. Fed. Ins. Co.*, 349 P.3d 1111, 1114–15 (Ariz. Ct. App. 2015). Travelers argues that no reasonable juror could find it acted unreasonably and, in any event, that Plaintiffs cannot prove damages because their only disclosed basis for damages has been stricken. (Doc. 119 at 12–14.) Plaintiffs respond that there is evidence of bad faith and that they can recover damages for "costs for an appraiser, the umpire costs, interest on the appraisal award, for testing the properties, attorney's fees incurred and punitive damages." (Doc. 126 at 6–9.)

Plaintiffs have no recoverable damages for a bad faith claim. As an initial matter, the Court previously ordered that "Plaintiffs are precluded from offering evidence or argument that Defendant's alleged delay in issuing payment caused Plaintiffs to lose rental income, which, in turn, caused Plaintiffs to breach a loan agreement." (Doc. 78 at 7.)

Plaintiffs cannot recover damages for the cost of the appraiser, the umpire, or for testing the properties for purposes of the appraisal. The Policy clearly states that "[e]ach party will . . . [p]ay its chosen appraiser; and [] [b]ear the other expenses of the appraisal and umpire equally." (Doc. 119-2 at 8.) "Provisions of insurance policies are to be construed in a manner according to their plain and ordinary meaning." *Sparks v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1132 (Ariz. 1982).

Plaintiffs are also not entitled to recover prejudgment interest on the appraisal award because the claim was not liquidated. "A claim is liquidated when it is subject to mathematical computation without reliance upon opinion or discretion." *Aries v. Palmer Johnson, Inc.*, 735 P.2d 1373, 1384 (Ariz. 1987). When, as here, a claim requires "ascertaining construction repairs" this "necessarily involves opinion and discretion." *Vigilant Ins. v. Sunbeam Corp.*, 231 F.R.D. 582, 596 (D. Ariz. 2005) (citing *Custom Roofing Co., Inc. v. Alling*, 706 P.2d 400, 403 (Ariz. 1985)). And once the appraisal determined the award amount, Travelers promptly paid. *See Port United Inc. v. Sestus LLC*, No. CV-11-00367-PHX-ROS, 2014 WL 12521331, at *2 (D. Ariz. Sep. 29, 2014) (noting that generally prejudgment interest does not accrue from the actual date of loss.). Thus, Plaintiffs are not entitled to prejudgment interest.

Nor are Plaintiffs entitled to punitive damages. "In a bad faith tort case against an insurance company, punitive damages may only be awarded if the evidence reflects 'something more' than the conduct necessary to establish the tort." *Holy Trinity Greek Orthodox Church v. Church Mut. Ins. Co.*, 476 F.Supp.2d 1135, 1140 (D. Ariz. 2007) (quoting *Rawlings v. Apodaca*, 726 P.2d 565, 576 (Ariz. 1986)). "Punitive damages must be proved by 'clear and convincing evidence of the defendant's evil mind.'" *Id.* (quoting *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 679 (Ariz. 1986)). Despite this high burden, Plaintiffs do not address their burden or point to any evidence, let alone clear and convincing evidence, that meets that burden.

Even if Plaintiffs had recoverable damages, they still have not presented evidence suggesting that Travelers intentionally denied, failed to process, or failed to pay their claim without a reasonable basis. Travelers asserts that Plaintiffs' claim was fairly debatable. (Doc. 119 at 13.) The dispute centered on whether one of the insured buildings needed to be completely demolished. (Doc. 119-6 at 2; Doc. 119-15; Doc. 119-16 at 2.) Plaintiffs, in response, have proffered no evidence to show that their claim was not fairly debatable and thus there is no genuine dispute of fact. "If the plaintiff offers no significantly probative evidence that calls into question the defendant's belief in the fairness of its actions, the court may rule on the issue as matter of law." *Jasem v. State Farm Fire & Cas. Co.*, No. CV-06-595-PHX-DGC, 2007 WL 3307012, at *2 (D. Ariz. Nov. 6, 2007). Because there is undisputed evidence that Plaintiffs' claim was fairly debatable, Plaintiffs cannot establish that Travelers acted in bad faith. *Desert Mountain Properties Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 236 P.3d 421, 442 (Ariz. Ct. App. 2010) (noting that an insurer's failure to pay a claim is not unreasonable when the claim's validity is "fairly debatable."); *Aetna Cas. & Sur. Co. v. Superior Court*, 778 P.2d 1333, 1336 (Ariz. Ct. App. 1989) ("Even if ultimately wrong, if a reasonable basis existed for denying the claim, the insurer cannot be liable for bad faith."). Accordingly, Travelers is entitled to summary judgment on Plaintiffs' bad faith claim.

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 119) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 13th day of May, 2026.

_____
Douglas L. Rayes
Senior United States District Judge